Mathews, I.
delivered the opinion of the court. In this case, the plaintiff and appellant sues for the recovery of a slave, described in the petition.
The action was commenced against Curtis alone, who, at the time, had possession of the slave. Gavies, the other defendant, intervened *419 and claimed the slave, in his answer, as his own, suggesting fraud, in the transaction, by which the plaintiff obtained his title to the slave. Both Pierce and Gayles claim the slave, under Curtis.
The evidence, on record, shews the following facts. On the 2Istof October, 1813, Curtis, by a notarial act, sold the slave in question, to Abner Stanley, and retained a mortgage for his payment. It does not appear, that the sale was attended with any tradition, but Curtis held possession of the slave, till August, 1814, when Stanley, at his instance, conveyed to Pierce, by a notarial act, all the title, which he acquired by the act of sale, in 1813.
After this, Curtis continued to possess the slave, as his own, until, some time in 1816, the sheriff of East Baton Rouge sold him, under an execution upon and against the property o Curtis, and Curtis purchased him, at the sheriff’s sale.
On this statement of facts, the only question to be decided is, whether the slave sold, thus remaining with the vendor, and never having been delivered to the vendee, was or not liable to be seized and sold, to satisfy the debt of the former.
The case of Durnford vs Brooks' syndics, 3 Martin, 222, 269, is relied upon, by the counsel of the defendant and appellee Gayles, and is cer- *420 tainly completely applicable to the present, except that, in the former, the things sold were merchandize, which pass by a mere verbal agreement and delivery, whereas, the dispute is now about a slave, the title to whom has been transferred by public and authentic acts. But, we are of opinion, that this circumstance cannot operate against third persons, such as creditors, so as to defeat their just claims founded on principles re-cognised in the above case. There is not any evidence that the slave was ever delivered to Pierce, or that the latter ever exercised any act of ownership over him, except that which is derived from extra-judicial acknowledgments of Curtis, whose interest it is to countenance the forced sale, by which he was to be benefited.
It is true that, according to our statute, the delivery of a slave, who is sold, takes place, when it is really made to the buyer, or by the mere consent of the parties, when the sale mentions, that the slave has been sold and delivered to the buyer, or when he was already in possession, under another title. Civ Code, 350, art. 28 But this constructive delivery, does not appear from the expressions of the act of sale, and there is evidence that, that the slave remained the possession of the vendor.
Carleton for the plaintiff—Duncan for the defendants.
It is, thert fore, ordered, adiudged and decreed, , , , ’ thn the judgment of the district court be affirmed with costs.